Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: ahren.tiller@blc-sd.com

Attorneys for Plaintiff
GERARDO ALSINA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ALSINA<br><br>Plaintiff,<br><br>vs.<br><br>TD BANK US HOLDING COMPANY, and TD BANK, N.A.,<br><br>Defendants, | Case No.: '21CV0096 MMA RBB<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227, *et. seq.*)**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES
### INTRODUCTION

1. GERARDO ALSINA (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against TD BANK US HOLDING COMPANY, and TD BANK, N.A. (hereinafter collectively referred to as "TDB" or "Defendants"), pertaining to actions by Defendants to unlawfully collect a consumer debt allegedly owed by Plaintiff, including but not limited to collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection

Act, ("TCPA" [47 U.S.C. § 227 *et seq.*], and contacting the Plaintiff despite being put on notice in writing that Plaintiff was represented by Counsel in violation of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding

---

[1] CA Civil Code §§ 1788.1(a)-(b)

calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made on personal knowledge.

**JURISDICTION AND VENUE**

7. This action is based on Defendants' violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et. seq.*.

8. This Court has jurisdiction over Defendants, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. This Court has jurisdiction over the Defendants, as the unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore,

Defendants regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. Defendant TD BANK US HOLDING COMPANY, is, and at all times mentioned herein was, a Delaware Corporation, with its principal place of business in New Jersey.

15. Defendant TD BANK N.A., is, and at all times mentioned herein was, a National Banking Association owned entirely by Defendant TD BANK US HOLDING COMPANY, and headquartered in New Jersey.

16. Defendants transact business throughout the State of California, including this judicial district.

17. Defendants regularly attempt to collect through the use of the U.S. mail, electronic communications, and telephones, "consumer debts" allegedly owed to third party lenders, as that term is defined by Cal. Civ. Code §1788.2(f).

18. When individuals owe debts for regular monthly payments on consumer credit card accounts, and other similar obligations owed to Defendants, Defendants regularly collect on those consumer debts through the use of the mail, electronic communications, and via the use of telephones, including an automated telephone dialing system. Therefore, Defendants are both "debt collectors" as that term is defined by Cal. Civ. Code §1788.2(c), and engage in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. Defendants are, and all times mentioned herein, were corporations and therefore "persons," as that term is defined by 47 U.S.C. § 153(39).

20. At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

21. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

22. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

23. Plaintiff was previously issued a consumer credit card account by Defendants TDB.

24. Plaintiff made payments toward the aforementioned TDB credit card account when he took them out, and maintained good standing until November of 2020, when unfortunately, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

25. Upon going into default on said TDB credit card accounts, agents for Defendants called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.

26. The aforementioned collection calls were made to Plaintiff's cellular telephone.

27. In response, Plaintiff sought out and retained an attorney to represent him with

regards to the consumer debt being collected upon by Defendants.

28. On December 1, 2020, Attorney Brett Bodie, an associate attorney at Plaintiff's Counsel's office, drafted and mailed via a 3rd Party certified mailing service a Cease-and-Desist letter ("C&D Letter"), whereby Mr. Bodie stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS, that that Plaintiff had retained Counsel, and that Defendants needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter").

29. The C&D Letter Letter clearly informed Defendants that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendants, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and said Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

30. Defendants received the C&D Letter dated December 1, 2020.

31. Despite receipt of the December 1, 2020 C&D Letter, Defendants continued to call Plaintiff's cellular telephone and request payments through the use of an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.

32. Between December of 2020 and January of 2021, Plaintiff would pick up the phone often, yet the collection calls made by Defendants were usually made by an automated dialer and merely contained a robotic voice recording when he answered, therefore when he would answer the calls it would merely be a recording.  However, occasionally over that time period, Plaintiff would answer his cellular telephone and there would be a live representative of Defendants on the line.  On those occasions, Plaintiff informed the representative for

Defendants that he had retained Counsel, and told them to stop calling him, and revoked any alleged consent to be called by Defendants, including via use of an ATDS.

33. Defendants have called Plaintiff over seventy-five (75) times in total, after receipt in writing and orally of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any owed to and/or being collected upon by Defendants, and an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

34. Further, Plaintiff spoke to agents for Defendants and stated that they should not be calling him on his cellular telephone. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice.

35. Despite said oral revocation and revocation of consent to call him via the use of an ATDS in writing, agents for the Defendants continued to call Plaintiff using an ATDS and/or Recorded Voice

36. Despite said aforementioned revocation, Defendants continue to call Plaintiff to date, often multiple times per day in rapid succession, which is indicative of a computerized ATDS.

37. Defendants, or their agents or representatives, have contacted Plaintiff on his cellular telephone over seventy-five (75) times through December of 2020 and up to the date of this Complaint, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

38. Many of the Defendants' calls to Plaintiff after receiving the C&D Letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

39. The multiple calls made by Defendants or its agents after receipt of the C&D

Letter were therefore made in violation of 47 U.S.C. § 227(b)(1).

40. Despite receipt of Plaintiff's Attorney's letters sent to Defendants, along with verbal notice from Plaintiff to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts, Defendants continue to contact Plaintiff repeatedly to date.

41. Said relentless collection calls have irritated, annoyed, and harassed Plaintiff, and as a direct and proximate result of said unlawful collection calls has caused Plaintiff emotional distress.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

**Violations of California Rosenthal Fair Debt Collection Practices Act**

**(California Civil Code § 1788.14(c))**

42. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

43. When Plaintiff's Counsel sent the C&D Letter to Defendants, Defendants were aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

44. When Plaintiff orally stated to representatives for Defendants that he was represented by Counsel, Defendants were aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding this debt.

45. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c)  Initiating communications, other than statements of account,

with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

46. By calling Plaintiff on his cellular phone over seventy-five (75) times after receipt of the December 1, 2020 C&D letter from Plaintiff's Counsel, Defendants violated Cal. Civ. Code §1788.14(c).

47. As a result of the constant collection calls by Defendants, Plaintiff has experienced anxiety, fear and uneasiness, and has at times been unable to calm down as the constant and harassing collection calls by Defendants are overwhelming.  Therefore, Plaintiff has suffered emotional distress as a direct and proximate result of Defendants' violations of Cal. Civ. Code §1788.14(c).

## II.
## SECOND CAUSE OF ACTION
### Negligent Violations of the TCPA
**(47 U.S.C. § 227 *et. seq.*)**

48. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

49. Through the C&D Letter from Plaintiff's Counsel, and orally, Plaintiff revoked any alleged consent for Defendants or their agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

50. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

51. As a result of Defendants' negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.
## THIRD CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
**(47 U.S.C. § 227 *et. seq.*)**

53. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

54. Through the C&D Letter sent by Plaintiff's Counsel, and oral notice from Plaintiff, Plaintiff revoked any alleged consent for Defendants or their agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

55. The foregoing acts of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

56. Therefore, since Defendants or their agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, TDB's acts were willful.

57. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every one of their over seventy-five (75) violations, pursuant to 47 U.S.C. § 227(b)(3)(C).

58. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in

the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants herein, respectfully request this Court enter a Judgment against Defendants as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof;

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

a. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

b. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendants' negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B);

c. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

d. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendants' seventy-five (75) knowing and/or willful violations of 47 U.S.C. § 227(b)(1) totaling actual damages in excess of $112,500.00 in statutory damages for said willful and/or knowing 100+ violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C); and

e. For such other and further relief as the Court may deem just and proper.

Dated: January 18. 2021            By:   /s/ Ahren A. Tiller
                                         Ahren A. Tiller, Esq.
                                         BLC Law Center, APC
                                         Attorneys for Plaintiff
                                         GERARDO ALSINA

# DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by jury.

Dated: January 18, 2021          By:     */s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
BLC Law Center, APC
Attorneys for Plaintiff
GERARDO ALSINA